UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Number: 1C-246 (CKK) |
| ) | |
| v. ) | Count One: 18 U.S.C. § 641 |
| ) | |
| SNO H. RUSH, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorney for the Public Integrity Section, Criminal Division, United States Department of Justice, and Sno H. Rush (hereinafter referred to as the "defendant") enter into the following agreement:

### Charges and Statutory Penalties

1. The defendant agrees to plead guilty to Count One of the Information filed against her, which charges Conversion, in violation of Title 18, United States Code, Section 641.

2. The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a. First, the money described in the Information belonged to the United States government and had a value of $1,000 at the time alleged;

   b. Second, the defendant converted such money to the defendant's own use; and

   c. Third, the defendant did so knowing the property was not hers, and with

intent to deprive the owner of the use of the money.

3. The defendant understands that, pursuant to 18 U.S.C. § 641 and 3583, Count One carries a maximum sentence of ten (10) years of imprisonment, a fine of $250,000, a $100 special assessment, a three (3) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached factual basis or for any conduct of the defendant now known to the Public Integrity Section and to the law enforcement agents working with the Public Integrity Section on the present investigation. Nothing in this Plea Agreement is intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5. The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily, and truthfully admits the facts set for the in the Factual Basis for Plea.

**Sentencing**

6. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "U.S.S.G."). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

2

will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guidelines range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is

not binding on the United States, the probation office, or the Court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

9. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines, Guidelines Manual – 2009 Edition. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following.

    a.    Offense Level Under the Sentencing Guidelines

The parties agree that the Sentencing Guideline applicable to the offense to which the defendant is pleading guilty is U.S.S.G. § 2B1.1, which applies to, among other things, theft. The parties further stipulate and agree to recommend the following guideline calculations:

    2B1.1(a)(2) Base Offense Level .............................. 6

    2B1.1(b)(1)(E) Amount of Loss Between

        $30,000 and $120,000 ................... ............. 8

    3B1.3 Abuse of a Position of Trust ......................... 2

    b.    Acceptance of Responsibility

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility

4

if the defendant:

    i.    fails to admits a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    ii.    challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

    iii.    denies involvement in the offense;

    iv.    gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the probation office;

    v.    fails to give complete and accurate information about the defendant's financial status to the probation office;

    vi.    obstructs or attempts to obstruct justice, prior to sentencing;

    vii.    has engaged in conduct prior to signing the Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

    viii.    fails to appear in court as required;

    ix.    after signing this Plea Agreement, engages in additional criminal conduct; or

    x.    attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because the defendant has

assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines Offense Level is thirteen (13).

    c.    <u>Criminal History Category</u>

Based upon the information now available to the United States (including representations by the defense), the defendant has no prior criminal convictions. Therefore, the Defendant's Criminal History Category is one (I). The parties acknowledge, however, that this Criminal History Category calculation is not binding upon the probation office or the Court.

    d.    <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, the Sentencing Guideline level is thirteen (13) and the defendant's stipulated Sentencing Guidelines range is twelve (12) to eighteen (18) months (the "Stipulated Guideline Range"). In addition, the parties agree that, should the Court impose a fine, at Sentencing Guidelines level thirteen (13) the applicable fine range would be $3,000 to $30,000.

**Agreement as to Sentencing Allocution**

10.    The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

In support of any variance argument, the defendant agrees to provide to the United States reports, motions, memoranda of law, and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law, and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

### Court Not Bound by the Plea Agreement

11.  It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Sentencing Guidelines range, or other sentencing issues. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Sentencing Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Substantial Assistance

12.  The defendant agrees to cooperate fully with the United States by:

    a.  providing truthful and complete information and testimony, and producing documents, records, and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b.  waiving the defendant's right to have counsel present at all debriefings by

        law enforcement agents and government attorneys in order to facilitate the defendant's cooperation. The defendant may revoke this waiver at any time by a specific request or through defendant's counsel without affecting the terms and enforceability of this Plea Agreement;

  c.  appearing at such grand jury proceedings, hearings, trials, depositions, and other judicial proceedings, and at meetings, as may be required by the United States continuing through any period of probation or supervised release;

  d.  if requested by the United States, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents; and

  e.  waiving any right to a prompt sentencing and joining in any requests by the United States to postpone the defendant's sentencing until the defendant's cooperation is complete. The defendant understands that the date of sentencing is within the sole discretion of the Court, and that this agreement may require the defendant to cooperate even after the defendant has been sentenced. The defendant's failure to cooperate pursuant to the terms of this Plea Agreement after sentence has been imposed shall constitute a breach of this Plea Agreement.

13.    The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the

Court at sentencing. If in the sole and unreviewable judgement of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, the United States may at or before the sentencing make a motion consistent with the intent of U.S.S.G. § 5K1.1 prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file any such motion(s) and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of the United States' filing of any such motion is concerned.

14.     The defendant understands and acknowledges that the Court is under no obligation to grant the Section 5K1.1 or Rule 35 motions referenced above should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

15.     Pursuant to U.S.S.G. § 1B1.8(a), the United States agrees that self-incriminating information provided by the defendant pursuant to this agreement to cooperate will not be used in determining the applicable Sentencing Guidelines range, except as may be provided in this Plea Agreement and under U.S.S.G. § 1B1.8(b).

**Appeal Waiver**

16. The defendant is aware that she has the right to challenger her sentence and guilty plea on direct appeal. The defendant is also aware that she may, in some circumstances, be able to argue that her guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concession made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives her right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b)) the defendant's sentence or the manner in which her sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guidelines range pursuant to the provisions of U.S.S.G. § 5K2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

17. The defendant further understands that nothing in this Plea Agreement shall affect the Public Integrity Section's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her counsel. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

18.     The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in District of Columbia Circuit Court of Appeals or Supreme Court cases decided after the date of this Plea Agreement that are held by the Court of Appeals or the Supreme Court to have retroactive effect.

**Restitution**

19.     Pursuant to 18 U.S.C. § 3663A, the defendant understands and agrees that restitution to victims is mandatory. The parties agree that the victim of this offense in the United States Marshals Service. The loss to the victim is estimated to be approximately $104,000 representing the amount of money the defendant stole from the United States Marshals Service. The defendant agrees not to transfer or otherwise encumber her assets except with notice to, and consent of, the undersigned representative of the United States until such time as this Plea Agreement is filed with the Court, at which point the defendant must seek leave of Court to transfer or otherwise encumber her assets. The parties agree that the defendant will not be required to obtain the consent of the United States for property transfers necessary to pay ordinary living expenses and ordinary business expenses and attorneys' fees. The defendant agrees as part of this Plea Agreement that she will provide to the United States detailed financial information about all income and expenses as requested.

**Release/Detention**

20.     The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of

11

release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's sentence.

**Breach of Agreement**

21. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rule of Criminal Procedure.

22. The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

23. The defendant understands and agrees that the United States shall only be required

to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

24. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

25. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

## Complete Agreement

26.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and prosecutor for the Public Integrity Section.

27.     The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Plea Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

28.     If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Plea Agreement in the space indicated below and returning the original to undersigned counsel for the United States once it has been signed by the defendant and the defendant's counsel.

Respectfully submitted,

JACK SMITH
Chief
Public Integrity Section

By: _____
Eric G. Olshan
Trial Attorney
Public Integrity Section
1400 New York Ave. NW
Washington, DC 20005
(202) 514-1412

## DEFENDANT'S ACCEPTANCE

I have read this agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses, and the Sentencing Guidelines penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement, and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 6/22/10

Sno H. Rush
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 6/22/10

Kenneth M. Robinson, Esq.
Attorney for the Defendant