UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal Number: 1:10-cr-246-CKK** |
| v. ) | |
| ) | |
| **SNO H. RUSH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

**UNITED STATES' SENTENCING POSITION**

The United States, through undersigned counsel, hereby submits its sentencing memorandum and urges the Court to impose a sentence pursuant to the United States Sentencing Guidelines (U.S.S.G.) in conformity with the recommendation of the United States Probation Office, as calculated in the Final Presentence Investigation Report (PSIR). With one material difference relating to an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, the Guidelines calculation contained in the PSIR matches the stipulated calculation in the executed Plea Agreement in this matter. As such, the government wishes to call the Court's attention to that difference.

Pursuant to the Plea Agreement, which defendant Rush signed on June 22, 2010, the government "may oppose any adjustment for acceptance of responsibility if the defendant . . . after signing this Plea Agreement, engages in additional criminal conduct." Dkt. No. 6 at 4-5. In addition, "the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement." Id. at 13.

Following the most recent status hearing in this matter on January 7, 2011, the United

States learned that defendant Rush may have committed an additional crime—namely, mail and wire fraud, in violation of 18 U.S.C. § 1341 & 1343, concerning a fraudulent insurance claim submitted in connection with an automobile accident in October 2010.  According to documents obtained from GEICO, the insurance company of the other motorist, defendant Rush submitted a claim for lost wages following an accident on October 22, 2010, ten days after her guilty plea in this matter.

In connection with defendant Rush's claim, she submitted a wage and salary certification, which represented that she was currently an employee of the Drug Enforcement Agency, earned approximately $2,225.59 per week, and missed approximately five weeks of work (the week of October 24, 2010, through the week of November 21, 2010) because of the car accident.  The certification, which was purportedly signed by a DEA employee on November 17, 2010, represented that defendant Rush had worked at the DEA the entire week of October 10, 2010, including October 12, 2010, the day of her plea.  See Exhibit 1 at 7.[1]  In a follow-up letter faxed on December 6, 2010, defendant Rush reasserted that she had missed work due to the accident.  See Exhibit 2 at 2.  She again claimed $11,127.95 in lost DEA wages.

However, as she well knew, defendant Rush was no longer an employee of the DEA, having resigned in July 2010—three months before the automobile accident.  PSIR at 12.  As a result, it appears that she fraudulently sought to obtain from GEICO a significant amount of money in lost wages that were not due to her.

Defendant Rush does not deny this conduct in her sentencing memorandum, focusing

---

[1] In a concurrent filing, the United States has moved the Court to seal all exhibits referenced herein, as they reference personal and other sensitive information.  The exhibits have been submitted to the Clerk of Court with the motion to seal.

instead on the fact that the GEICO claim was later withdrawn (though only after GEICO began investigating it). However, the government has more recently learned that the defendant actually received from her own insurance company, Erie Insurance, $2,500 compensation for lost DEA wages based on the same accident. Defendant Rush cashed the check, dated November 2, 2010, on November 8, 2010. See Exhibit 3. The fact that defendant Rush submitted the same information regarding her employment to both insurance companies undercuts any claim of inadvertence or mistake.

In light of this conduct, and the above-referenced provisions of the executed Plea Agreement in this matter, the United States continues to oppose application of a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[2] As a result, the Court should impose a sentence based on a Total Offense Level of <u>16</u> (sixteen), corresponding to a term of imprisonment of 21 to 27 months, as recommended by the final PSIR.

                Respectfully submitted,

                    JACK SMITH
                    Chief
                    Public Integrity Section

              By:   /s/ Eric G. Olshan
                    ERIC G. OLSHAN
                    Trial Attorney
                    Public Integrity Section
                    Criminal Division

---

[2] Although defendant Rush urges otherwise, the Guidelines (and the Court during the plea colloquy) make clear that only the government may move in its sole discretion for an additional one-level reduction under § 3E1.1(b) and for any departure based on substantial assistance pursuant to § 5K1.1. Defendant Rush, however, may argue at sentencing that she is entitled to a variance pursuant to the factors contained in 18 U.S.C. § 3553(a), although she did not attempt to do so in her sentencing memorandum.

<table>
<tr><td>Dated: April 11, 2011</td><td>U.S. Department of Justice<br>1400 New York Ave., NW – 12th Floor<br>Washington, DC  20005<br>T: 202-514-7621<br>F: 202-514-3003<br>email: eric.olshan@usdoj.gov</td></tr>
</table>

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed on April 11, 2011, using the Court's CM/ECF system, which will provide notice to counsel for the defendant.

        /s/ Eric G. Olshan
ERIC G. OLSHAN
Trial Attorney
Public Integrity Section