**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal Number: 1:10-cr-246-CKK** |
| v. | ) | |
| | ) | |
| **SNO H. RUSH,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S LETTER TO THE COURT

The United States, through undersigned counsel, respectfully responds to the defendant's letter to the Court, dated November 1, 2011. Dkt. No. 28.[1] In her letter, the defendant requests that the Court "reduce the sentence and/or modify my sentencing and allow me to serve the remaining portion of my sentence on home confinement, probation and/or community service." Id. at 3. In support of her request for leniency, the defendant identifies various perceived failings of her lawyer, while also noting her good behavior during her incarceration, her family's financial problems, and her son's declining health. Id. at 1-2.

The defendant's request, however, does not specify a legal basis to justify a reduction in her sentence. Indeed, in general there are only three bases for a modification of a federal defendant's sentence following conviction: appellate reversal, collateral attack under 28 U.S.C. § 2255, and motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Following the defendant's conviction, the defendant voluntarily dismissed her appeal. See Dkt. No. 27. As such, appellate

---

[1] The letter appears erroneously to have been docketed as a motion for "Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582."

reversal is not available. Moreover, Rule 35 relief is inappropriate, where the rule permits reduction of a defendant's sentence only upon a motion of the government based on the defendant's provision of "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). The government has made no such motion.

The defendant also may seek to have the Court "vacate, set aside or correct" her sentence pursuant 28 U.S.C. § 2255, the federal habeas corpus statute. It is unclear whether the defendant is actually seeking habeas relief, see Dkt. No. 28 at 1 ("While I am not requesting the Courts [sic] to vacate or set aside my sentence, I am requesting leniency and favor on the current sentence.") However, construing the defendant's letter as a habeas petition under § 2255 would trigger significant procedural consequences for the defendant because criminal defendants typically are limited to filing only one motion collaterally attacking their conviction and sentence. 28 U.S.C. § 2255(h) (providing limited circumstances under which court of appeals will certify a second or successive habeas petition). Any unraised grounds upon which the defendant may rely in a later habeas petition, therefore, almost certainly would be barred if the Court characterized her letter as a habeas petition.

As such, should the Court be inclined to review the defendant's request for leniency under § 2255, the government would request that the Court set a hearing, inform the defendant of the consequences of filing the letter as a habeas petition, and inquire whether that was her intention. In the event that the Court elects to construe the letter as a habeas petition and does not preliminarily conclude, pursuant to the statute, that "the motion and the files and records of the case show that the prisoner is [not] entitled to relief," id. § 2255(b), the government is prepared to respond to the letter

on the merits.[2]

Respectfully submitted,

JACK SMITH
Chief
Public Integrity Section


By:    /s/ Eric G. Olshan
ERIC G. OLSHAN
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., NW – 12th Floor
Washington, DC  20005
T: 202-514-7621
F: 202-514-3003
email: eric.olshan@usdoj.gov

---

[2] A preliminary review of the sentencing transcript reveals that, contrary to the defendant's contentions in her letter, sentencing counsel in fact sought a below-Guidelines variance, based in part on her cooperation with the government.  Sent. Hr'g Tr. at 17-24.  In addition, counsel commented on the defendant's family background and health issues.  Id. at 26-28.  The Court also permitted to character witnesses to speak on her behalf.  Id. at 30-31.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed on January 20, 2012, using the Court's

CM/ECF system and that a hard copy was sent via the United States Postal Service to the defendant

at the following address:


    Sno H. Rush
    Reg: 31219-016, Unit A3
    Federal Prison Camp
    P.O. Box A
    Alderson, WV 24910


                  /s/ Eric G. Olshan
                  Eric G. Olshan
                  Trial Attorney