Copies to: Judge
AUSA - Special Proceedings
Dft.

Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
# SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District District of Columbia 016 |
|---|---|
| Name (under which you were convicted): Sno H. Rush | Docket or Case No.: 10CR246-CKK |
| Place of Confinement: Alderson, Federal Prison Camp | Prisoner No.: 31219-016 |
| UNITED STATES OF AMERICA                    v. | Movant (include name under which you were convicted) Sno H. Rush |

**FILED**

FEB 1 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

District of Columbia, United States District Court
333 Constitution Avenue, Washington, DC 20001

  (b) Criminal docket or case number (if you know): 10CR246

2.  (a) Date of the judgment of conviction (if you know): Unknown

  (b) Date of sentencing: May 9, 2011

3.  Length of sentence: 21 Months

4.  Nature of crime (all counts):

One (1) Count Conversion 18USC641

5.  (a) What was your plea? (Check one)

    (1) Not guilty ❏      (2) Guilty ☒      (3) Nolo contendere (no contest) ❏

  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6.  If you went to trial, what kind of trial did you have? (Check one)     Jury ❏     Judge only ❏

    N/A

RECEIVED
Mail Room

FEB 1 3 2012

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ❑      No ☒

8.  Did you appeal from the judgment of conviction?      Yes ☒      No ❑

9.  If you did appeal, answer the following:

   (a) Name of court: District of Columbia, U.S. District Court

   (b) Docket or case number (if you know): 11-3-53

   (c) Result: Withdrawn

   (d) Date of result (if you know): August 4, 2011 (withdrawn)

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ❑   No ☒

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☒   No ❑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: District of Columbia, U.S. District Court

      (2) Docket or case number (if you know): Unknown

      (3) Date of filing (if you know): February 2012

(4) Nature of the proceeding: Suspend Restitution payments until release

(5) Grounds raised: Court ordered inmate to work at Bureau of Prisons UNICOR program to begin paying restitution, however, FPC Alderson no longer has UNICOR employment. Inmate's Unit Team has set monthly restitution at $353 monthly, inmate earns monthly pay of $5.25. Inmate's spouse has been forced to pay BOP's ordered restitution to avoid penalities to spouse.

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ☒

(7) Result:  Pending

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:      N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:      Yes ❑   No ☒

(2)  Second petition:    Yes ❑   No ❑

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: Still pending temporary relief of restitution

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**  INEFFECTIVE ASSISTANCE OF COUNSEL FAILURE TO SECURE AND ADEQUATELY EXPLAIN TERMS OF PLEA AGREEMENT

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

SEE ATTACHMENT (1)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Attachment (1)

Ground (1) - Under advice of Counsel, on June 22, 2010, Defendant accepted Plea Agreement offered by the United States Government, for One (1) Count of Conversion. In good faith, and through explanation by counsel, defendant was led to believe she would receive additional reduction for assistance to authorities; Pursuant to U.S.S.G., 3E1.1 (b).  The additional one-level reduction was justified by defendants actions; (1) by providing timely notice of intent to plead guilty, (2) defendants cooperation to provide substantial assistance during investigation involving other government officials alleged misconduct, and (3) allowing the United States to allocate their resources efficiently and effectively by avoiding trial.  The defendant was denied a standard 2-point reduction for Acceptance of Responsibility, as well as a 1-point reduction for actions resulting in denial of all 3-offense level points.

In the event the defendant was awarded at least a 1-point level reduction as led to believe, the criminal offense level would have been reduced to 15, with advisory sentencing guidelines of 18-24 months confinement.  This alone resulted in punitory effects of overall sentencing.

Defendant request government to grant 5K1 or Rule 35 downward departure.  Based on defendants substantial assistance and cooperation during investigation, as sited in the plea agreement signed on June 22, 2010.  Cooperation included (1) reviewing payroll records of targets, (2) attended interrogations, interviews and debriefings while wearing electronic wiring device, as well as (3) authorizing photocopies of text message communications between defendant and targets of those officials that had allegedly been participating in criminal misconduct.  Defendant provided assistance through life-threatening measures, by jeopardizing her safety only to be denied benefits of 5K1 or Rule 35 downward departure, at sentencing.

The Government's decision to withhold a downward departure for 5K1 or Rule 5 was based on facts known prior to execution of plea agreement; (1) defendant entered into plea agreement for a felony count of conversion, (2) a felon is automatically deemed as auncredible witness, (3) case was not filed under seal, therefore, publicly disclosing terms and conditions of plea agreement, which brought covert operations to halt and further jeopardizing defendants safety.

Defendant prays that the Court will find relief after reviewing facts detailing ineffective assistance of counsels failure to secure and adequately explain terms of plea agreement and neglecting to protect defendant by way of sealing case records and information from public sector, civilians, and government employee access.  In addition to counsels ineffective response to government denying sentence reduction inspite of their negligence.

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


N/A

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**: INEFFECTIVE ASSISTANCE OF COUNSELS FAILURE TO PRESENT EXTENDUATING FAMILY CIRCUMSTANCES UNDER U.S.S.G., 5H1.4 and 5H1.6

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


SEE ATTACHMENT (2)

Attachment (2)

Ground 2 - Information regarding extenuating circumstances involving defendant ., defendant's dependent son, and mother, were detailed in presentence investigation report; however, counsel merely commented on defendant's role and family circumstances.  As outlined in the pre-sentence investigation report defendant has medical and psychological health conditions, (psr pg. (s) 10-11, lines 50-56), which are most effectively treated outside of prison.  Counsel again neglected to present critical background information regarding defendant's background (psr, pg. 9, line 44).  At age 5, defendant was subjected to sexual, mental and emotional abuse, which she continues to battle daily both on a conscious and subconscious basis.  The level of psychological trauma that defendant endured from age 5, may have invoked a desire to control and exercise authority which lead to criminal misconduct.  Since incarceration, defendant has been advised by medical staff of a lump in breast, which would be properly treated by defendant's primary care physicians, one who is familiar with her medical background.

Defendant has four (4) children; however eldest son has been diagnosed with HIV/AIDS, as stated in PSR (psr, pg. 10, line 46) and depends primarily on defendant's assistance in physical and emotional stability. Counsel failed to address details regarding son's constant battle with depression and other illnesses related to immune deficiencies and weight loss.  In his overwhelming battle with HIV/AIDS, and depression, he has a history of attempted suicide as well as hospitalizations for psychiatric treatment and pneumonia.  The duress and pressure that the defendant endures poses a feeling of guilt, hearing of her son's deteriating condition.  Counsel, once again failed to demonstrate adequate reasons why the downward departure was definitely warranted.

Defendant prays that the ineffective assistance of counsel's failure to present extenuating family circumstances has been exasperated in greater detail for the courts to grant relief from defendant's current time of incarceration, to resume day to day family obligations.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**   INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON PERFORMANCE WAS NEGLIGENT AND CONSTITUTIONALLY DEFICIENT

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

SEE ATTACHMENT (3)

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Attachment (3)

Ground 3 - Attorney Kenneth Robinson, of the Robinson Law Firm, was retained by defendant based on his 30 plus year history as a Defense Attorney and former Prosecutor. Once retained, Mr. Robinson had a legal and ethical obligation to provide explanations, offer advice and educate defendant of prosecutorial procedures in representation presented by counsel after case was filed included, (1) allowing the case to be filed unsealed, (2) ineffectively investigating and applying case law to protect the defendants, and (3) withholding information related to the criminal investigation of the Robinson Law Firm, understanding the personal effects of a criminal investigation, it should be noted that representation was inadequate and ineffective in determining strategies best suited to argue alternative sentencing under the plea agreement.

The investigation publicly revealed the Robinson Law Firms misconduct for misappropriation of trust funds.  Mr. Robinson had a fiduciary responsibility foremost to the defendant, the prosecution, and your Honor, to uphold a higher standard of ethical and moral conduct.  In addition to negligence and unconstitutional performance during sentencing, Mr. Robinson denied defendant post-conviction assistance, when post-conviction options were addressed by the Court.  Therefore, ineffectiveness in strategies to substantiate attorney-client relationship, and legal responsibilities resulted in ineffective assistance of counsel and deficiency in performance.

Defendant prays that the details outlined provide a determination for recourse for relief of imposed sentence within the legal boundaries of the court.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**: INEFFECTIVE ASSISTANCE OF COUNSEL TO ADVISE DEFENDANT OF LEGAL OPTIONS

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

SEE ATTACHMENT (4)

Attachment (4)

Ground 4 - From Pre-trial to Post Conviction, the defendant never obtained benefits from counsel to provide adequate understanding of processes available for legal recourse.  At this point three (3) grounds have been presented to outline ineffective assistance of counsel while being represented by Mr. Robinson of the Robinson Law Firm.  As detailed in Ground (3), Mr. Robinson refused to provide post-conviction assistance compelling the Court to appoint a Federal Public Defender, namely Neil Jaffee, only to discover Mr. Robinson's bar suspension related to investigation for misconduct of misappropriation of trust funds, as mentioned in Ground 3.  At sentencing it was determined that counsel would be appointed to defendant for sole purpose of advising and filing Appeal to collaterally attack the imposed sentence.

The communication with Mr. Jaffee never presented options on grounds to appeal; strictly deterrence from moving forward based on insufficient counsel, and other errors in the case, that warranted downward departure and alternative sentencing options.  Under advice of counsel, defendant withdrew the Appeal because she was led to believe there was no legal recourse available.  Certainly, this conduct constitutes misconduct or should be deemed misconduct, because it clearly represents negligence, refusal to operate in the client's best interest and lacks ethical quality.

Defendant prays for the Court to grant relief, based on ineffective assistance of counsel, of both retained and court appointed attorneys.  Both neglected the clients best interest, and to effectively exhaust all legal efforts.

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:   N o

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☒   No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. District of Columbia, U.S. District Court Suspension of Restitution while incarcerated

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:   N / A

(b) At arraignment and plea: Kenneth M. Robinson
      717 D. Street, NW, Washington, D.C. 20001
(c) At trial:
                    N / A

(d) At sentencing:    Kenneth M.Robinson
      717 D. Street, NW, Washington, D.C. 20001

(e) On appeal:  Neil Jaffee
       625 Indiana Avenue, NW, Washington, D.C. 20001

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ☒

   (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

SEE ATTACHMENT (5)

or any other relief to which movant may be entitled.

_Jim K Kush (Pro Se)_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
(month, date, year).

Executed (signed) on _____ (date). 2-7-2012

_Jim K Kush_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

NOTARY PUBLIC, OFFICIAL SEAL
SHERRY R WALTON
State of West Virginia
My Commission Expires April 16, 2019
FEDERAL PRISON CAMP
DEPARTMENT OF JUSTICE

Attachment (5)

Relief requested:  I, Sno H. Rush Movant, respectfully and humbly request your Honor and the Government to reconsider imposed sentence based on the grounds presented in this motion to vacate, set aside or correct a sentence by a person in federal custody (Motion Under 28 U.S.C., 2255), Pursuant to 18 U.S.C. 3553, provide a reduction or modification of sentence imposed.

In regards to the One (1) count of Conversion, I will be eternally indebted to the United States of America, to my family and my community for acting in an unethical manner and abusing my position as a federal government employee.  I denied important values and violated my moral obligation as a United States citizen and government employee, and this will haunt me for the rest of my life.  I understand the nature of my offense is still very serious and there was no justification of my criminal behavior.  Therefore, the imposed sentence was based on factual information and evidence of and overt act.  I will never attempt to dismiss my actions, neither will I forget the purpose of my punishment, as I will continue to overcome personal issues, as you suggested.  I am simply asking the court for mercy and a legal remedy from physical incarceration.

Since my physical incarceration at Alderson FPC, I have relinmental strongholds.  The mental stresses associate from many years of abuse, has seemed to be a life long period of incarceration, the led me to realize I need and desire outpatient psychological treatment, which can began immediately if home confinement is granted.

I have taken numerous educational courses offered through Alderson FPC, to identity, address and implement change in areas of personal concern.  I am currently not eligible to participate in the trauma programs offered by Alderson, because psychiatric resources through the prison.  Therefore, I've become motivated to make preparations to seek out a treatment plan that will allow me to continue addressing these areas of concern.

I want to thank the Court for review and consideration of the grounds presented and request your Honor to provide remedy through immediate relief from Alderson FPC through alternative sentencing and to fulfill imprisonment by way of home confinement.