**FILED**
**MAY 15 2012**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Copies to: Judge
AUSA - [illegible] Proceedings
Dft.

UNITED STATES OF AMERICA )
)
) Criminal Number: 1:10-cr-246-CKK
)
v. )
)
SNO H. RUSH, )
      Defendant )

### DEFENDANT'S RESPONSE TO UNITED STATES OPPOSITION OF MOTION UNDER 28 U.S.C. 2255

**Defendant**, Sno H. Rush was convicted of one count of Conversion under 18 U.S.C. 641, on May 9, 2011 and sentenced to a term of 21 months imprisonment. On February 13, 2012 the Defendant filed an instant and timely motion under 28 U.S.C. 2255. The United States filed its opposition on April 13, 2012, requesting the Court to deny the requested relief.

Defendants response presents two components for the Court's immediate and lawful consideration: 1) seal all case documents to protect the future safety of the Defendant; and 2) review the Government's refusal to file 5K1.1 motion.

As the Court is aware, the Defendant filed a motion seeking relief of the imposed sentence in consideration of the assistance she provided to the Government, but denied downward departure at sentencing. After reviewing the Govenment's response, the Defendant clearly recognizes this may not prevail in her favor in a timely manner. In light of that probability the Defendant would specifically request that the Court exercise its jurisdiction and authority to grant the Defendant the requested relief, after reviewing the Government's reason for refusing to grant the downward departure.

The cooperation that the Defendant engaged in throughout her pre-trial period offered the Government great assistance in a very riskful and potentially dangerous condition including but not limited to: 1) attending interrogations to reveal information regarding conduct involving other Marshal Service employees that were under investigation by the OIG  2) reviewing and explaining payroll records, and 3) by agreeing and attempting to entrap targets through covert operations while wearing electronic wiring device. Certainly, the Court and the Government can understand the right of the Defendant to achieve the requested relief for this magnitude of assistance, it was and is a riskful position for the Defendant and her family.

This amount of assistance is indeed substantial in the investigating or prosecuting of another person under Rule 35.  US v Isaac 141.3d 477 (1998), The Appeals Court reversed and remanded, holding that the District Court erred when it determined that it had no power to review the Governmetns refusal to file the 5K1.1 motion. As the plea agreement contained a 5K1.1 motion, appelant had a reasonable expectation that there would be a discretionay evaluation of his

page 1

cooperation in good faith. The District Court had jurisdiction to determine whether the Government's refusal to file a 5K1.1 motion was attributable to bad faith and in violation of the plea agreement.

The plea agreement neglected to define the Government's definition of "Substantial Assistance" and failed in outling detailed plans and goals to yield a specific outcome. Therefore, Defendant humbly request the Honorable Court to consider refief under this response due to the Government's lack of specificity of intended results.

The Defendant is greatful for any assistance the Court would provide in consideration of this instant and timely motion 28 U.S.C. 2255. The cooperation that the Government received, remains a matter of public record and is available for any interested or implicated parties. While the Government decided not to offer the benefits for this cooperation, public access will continually reveal the lengths taken to cooperate by the Defendant and expose Defendant and her family to lifelong risk.

It is only under the jurisdiction and authority of this Court, the Defendant request the Court to review the Government refusal to file the 5K1.1 for cooperation and remand all case documents sealed from further public access.

Respectfully Submitted,

*[signature]*

Sno H. Rush
Register Number: 31219-016
Federal Prison Camp
P.O. Box A
Alderson, WV 24910